Argued and submitted June 3, affirmed August 4, reconsideration denied
October 20, 1987

THOMAS LEROY MOORE,
*Petitioner on review,*

*v.*

BOARD OF PAROLE,
*Respondent on review.*

(CA A41331; SC S33875)

740 P2d 782

Lawrence E. Hall, Deputy Public Defender, Salem, argued the cause for petitioner on review. On the petition for review was Gary D. Babcock, Public Defender, Salem.

J. Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

Gillette, J., filed an opinion concurring in part and dissenting in part, joined by Linde, J.

## PER CURIAM

Petitioner was convicted of two counts of sodomy in the first degree and was sentenced to 20 years' and 10 years' imprisonment with a 10-year minimum, and to a 5-year sentence on a coercion conviction to run consecutively.

At petitioner's prison term hearing, the Board of Parole (Board) had previously established a history/risk score of 4, crime category 6 with a matrix range of 74 to 100 months and set petitioner at 92 months with a release date of February 21, 1989, thus overriding the 120-month minimum sentence. This was reset to 24 months (total of 92) based on a psychological evaluation dated June 27, 1986, by Dr. Max Reed.

Petitioner appealed to the Court of Appeals from the final order of the Board dated August 6, 1986. The Court of Appeals affirmed from the bench.

Petitioner seeks review, alleging that the Board failed to satisfy the requirements of ORS 144.135. Petitioner's procedural contentions are answered in *Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987).

Petitioner also claims that the Board erred in giving him a 92-month set in a matrix range of 74 to 100. Attached as Appendix I is petitioner's Board Action Form, demonstrating that he was given the higher set within the matrix range because of the unfavorable psychological evaluation stating that he was severely emotionally disturbed.

The decision of the Court of Appeals is affirmed.

AUG 21 1986

**OREGON BOARD OF PAROLE
BOARD ACTION FORM**

NAME __MOORE, THOMAS LEROY__ DATE ADM __11/26/1980__ DOB __03/12/1949__ CC PROB ____

SID # __2670172__ INST # __43030__ ADJ COMT __07/11/1980__ RACE ____ DET/NOT ____

INST ____ GOODTIME __03/10/1997__ SEX ____ BR OFF ____

AKA ____ EXP DATE __07/09/2005__ HGT ____ ADD CONVS ____

| CASE #<br>COUNTY | ORS=OFFCLS<br>OFFENSE | CTS | SENTENCE<br>MIN SENT | MAN<br>MIN | CS<br>TO | SENTENCE<br>BEGINS | TS<br>DAYS | JUDGE |
|---|---|---|---|---|---|---|---|---|
| 800 732474<br>MULT | 163.405 AF<br>SODO I | 1 | 20/00/00 | 10/00 | | 11/24/80 | 138 | JONES, R.E. |
| 800 732474<br>MULT | 163.405 AF<br>SODO I | 1 | 10/00/00 | | | 11/24/80 | 138 | JONES, R.E. |
| 800 732474<br>MULT | 163.275 CF<br>COER | 1 | 05/00/00 | | 1 | 11/24/80 | 000 | JONES, R.E. |
| 800 732474<br>MULT | 163.425 CF<br>SEX ABUS I | 1 | 05/00/00 | | | 11/24/80 | 138 | JONES, R.E. |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

A _0_ B _0_ C _2_ D _1_ E _1_ F _0_ H/R __04__ CRIME CAT __05__ MATRIX RANGE __74__ TO __100__ DANG OFF ____ SEX OFF ____

HEARING DATE __08/06/1986__ ACTIVITY __I__ ACTION __R__ MOS SET __92__ RELEASE DATE __02/21/1989__

AGGRAVATION ____ MITIGATION ____ RESCHEDULE __07/1988__ TYPE ____ W/PSYCH __X__ PANEL __F__

COMMENTS / REASONS

Inmate was accompanied by his sister-in-law, Patricia Moore.

Based on a psychological evaluation dated June 27, 1986 by Dr. Max Reed, Board finds inmate must "currently be considered severely emotionally disturbed so as to be a danger to the health and/or safety of the community."

Dinsmore, Gorener, Hays, Jones, Samuelson: Reset 24 months (total of 92); therefore, establishing a release date of February 21, 1989. A review in July 1988 with a current psychological evaluatio

SPECIAL CONDITIONS 1 2 3 4 5 6 7 8 OTHER CONDITIONS
9A 9B 9C PO BD 10
11 12 13 14 15 16

TENTATIVE DISCHARGE ____

SIGNATURE, PRESIDING MEMBER __/s/ HAYS__ / __mjh__ DATE __08/06/1986__

APPENDIX I 052 255-039-06/85

**GILLETTE, J.,** concurring in part and dissenting in part.

For the reasons expressed in my dissenting opinion in *Anderson v. Board of Parole,* 303 Or 618, 632, 740 P2d 760, 769 (1987), I respectfully dissent from that portion of this opinion dealing with a "detailed explanation," under ORS 144.135, of the action taken by the Board of Parole with respect to the mandatory minimum sentence. I concur with the balance of the opinion.

Linde, J., joins in this concurring and dissenting opinion.